IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN INTERCONTINENTAL UNIVERSITY, INC., <br><br> and <br><br> CAREER EDUCATION CORPORATION <br><br> Plaintiffs, <br> v. <br><br> AMERICAN UNIVERSITY, <br><br> Defendant. | Civil Action No.: 16cv10669 |

**COMPLAINT AND DEMAND FOR JURY**

Plaintiffs, American Intercontinental University, Inc. and Career Education Corporation ("Plaintiffs") for their Complaint, states as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory judgment in a case of actual controversy between the parties, whereby Plaintiffs seek a judgment of non-infringement of trademark under the Lanham Act, 15 U.S.C. § 1051 *et seq.*; a judgment that Plaintiffs' activities do not constitute unfair competition or unfair trade practice under Federal and State law; a judgment that Defendant's registered trademark no. 2,986,715 for the mark AMERICAN INTERNATIONAL UNIVERSITY is invalid and should be cancelled; and a declaration that Defendant lacks ownership rights in the AMERICAN INTERNATIONAL UNIVERSITY mark and registration. Jurisdiction is predicated upon 28 U.S.C. §§ 1331 and 1338(a) and (b) and 2201-02. Venue is proper under 28 U.S.C. § 1391(b) and (c).

CHI-74254-2

## THE PARTIES

2.      Plaintiff American InterContinental University, Inc. ("American InterContinental") is a Georgia corporation with its principal place of business at 231 N. Martingale Road, Schaumburg, IL 60713. American InterContinental owns the regionally accredited provider of post-secondary education operated under the name American InterContinental University, which educates thousands of students. Such educational services are provided at physical campuses in Atlanta, Georgia and Houston, Texas, as well as through online courses in the United States.

3.      Plaintiff Career Education Corporation, Inc. ("CEC") is a Delaware corporation and the parent corporation that owns American InterContinental. CEC owns schools, colleges, and universities that use globally recognized brands, including AMERICAN INTERCONTINENTAL UNIVERSITY and COLORADO TECHNICAL UNIVERSITY.

4.      Defendant American University ("AU") is a District of Columbia non-profit corporation having its principal place of business at 4400 Massachusetts Avenue NW, Washington, DC 20016-8165. AU operates a college providing undergraduate and postgraduate coursework to students from its campus in the District of Columbia.

5.      Defendant AU directly advertises and promotes its services using its claimed trademarks to Illinois residents in this District in order to recruit students and advertise its educational services and programs.

6. Office of Admissions personnel from Defendant AU routinely conduct informational seminars in this District as part of AU's activities directed to recruiting Illinois residents to attend AU.

7. Defendant AU also conducts student recruitment events in Chicago routinely, and has done so as recently as September 17, 2016 and October 5, 2016. AU staff also conducted recruitment visits to Chicago and Southwest Chicago Suburban high schools between October 24, 2016 and November 1, 2016.

## STATEMENT OF FACTS

8. American InterContinental and its predecessors-in-interest and related entities have used the name AMERICAN INTERCONTINENTAL UNIVERSITY extensively since 1997 in connection with providing higher education coursework and degrees. This this trademark continues to be used and widely advertised on a daily basis in connection with providing goods and services.

9. American InterContinental owns two physical campuses of AMERICAN INTERCONTINENTAL UNIVERSITY in the United States, including campuses in Atlanta, Georgia and Houston, Texas.

10. The AMERICAN INTERCONTINENTAL UNIVERSITY mark is also used in providing post-secondary education through online classwork. Students can combine traditional coursework in one of AMERICAN INTERCONTINENTAL UNIVERSITY'S physical campuses with online coursework at AMERICAN INTERCONTINENTAL UNIVERSITY. Students can also earn degrees by completing full required coursework using online classes through AMERICAN INTERCONTINENTAL UNIVERSITY.

11. The AMERICAN INTERCONTINENTAL UNIVERSITY mark has been used extensively in national advertising and promotion of goods and services for nearly two decades.

12. The AMERICAN INTERCONTINENTAL UNIVERSITY trademark is distinctive and has acquired strong secondary meaning with the consuming public. It is recognized by members of the consuming public as an indicator of high quality products and services from a single source.

**PRIOR PROCEEDINGS IN THE U.S. TRADEMARK OFFICE RELEVANT TO THIS DISPUTE**

13. On October 8, 1997, American InterContinental (then having a corporate name of "American-European Corporation") filed a trademark application for the mark AMERICAN INTERCONTINENTAL UNIVERSITY shown below, which registered as U.S. Trademark No. 2,216,174 on January 5, 1999:



14. On January 21, 2000, Defendant AU applied for registration of the mark AMERICAN UNIVERSITY (Serial No. 75/901,070).

15. In 2001, CEC acquired ownership of American Intercontinental University, Inc.

16. On April 26, 2002, Defendant AU filed a petition to cancel registration no. 2,216,174 (AMERICAN INTERCONTINENTAL UNIVERSITY) in the United States Patent and Trademark Office. The cancellation proceeding was assigned number 92040576, and AU claimed in the cancellation proceeding, *inter alia,* that a likelihood of confusion existed with AU's alleged marks.

17. On September 26, 2003, a related company to American InterContinental (AIU Educational Heritage, LLC) filed two trademark applications for logos incorporating the mark AMERICAN INTERCONTINENTAL UNIVERSITY, Serial Nos. 76/547,174 and 76/547,312, as shown below:




Serial No. 76/547,174     Serial No.76/547,312

18. But for the registration already owned by AIU Educational Heritage, LLC (Reg. No. 2,216,174), the United States Trademark Office concluded in March of 2004 that there was no likelihood of confusion between the applications for the AMERICAN INTERCONTINENTAL UNIVERSITY marks (serial Nos. 76/547,174 and 76/547,312) and any then-registered trademarks or then-pending trademark applications, which included AU's then-pending trademark application for AMERICAN UNIVERSITY (Serial No. 75/901,070).

19. On November 7, 2005, AU filed an Opposition in the United States Patent and Trademark Office concerning the AMERICAN INTERCONTINENTAL UNIVERSITY marks referenced in paragraph 17 above (serial Nos. 76/547,174 and 76/547,312), which was given Opposition No. 91167691. In this Opposition proceeding, AU claimed, *inter alia*, there was a likelihood of confusion between AU's alleged marks and the mark AMERICAN INTERCONTINENTAL UNIVERSITY.

20. In July of 2008, AU and American InterContinental's predecessor entity AIU Educational Heritage, LLC entered into a settlement agreement (hereinafter "2008 Settlement Agreement") relating to Cancellation No. 92040576 and Opposition No. 91167691. This Agreement is attached as Exhibit A.

21. The 2008 Settlement Agreement resulted in the agreed termination of Cancellation No. 92040576 (referenced in paragraph 16 above) and Opposition No. 91167691 (referenced in paragraph 19 above).

22. Paragraph 7 of the 2008 Settlement Agreement (Exhibit A) provides:

**Reservation of Rights and Future Disputes.** Notwithstanding this Agreement resolving the Actions before the Board, each Party reserves its respective rights to use its respective marks. In the event of future disputes between the parties involving their marks, each Party, retains its respective rights, claims and defenses without prejudice and without limitation based on this Agreement, it being the intention of the Parties that all rights of the Parties are preserved.

23. On December 31, 2008, AIU Educational Heritage, LLC merged into American InterContinental University, Inc., a Georgia corporation, and American InterContinental University Inc. acquired all trademark rights of AIU Educational Heritage, LLC.

**Defendant AU's Trademark Registrations**

24. The records of the United States Patent and Trademark Office indicate that Defendant AU appears to own various registrations for trademarks and service marks, including:

    a. Reg. No. 3,559,022 (registered 1-6-2009) for "A NEW AMERICAN UNIVERSITY," in which the word "UNIVERSITY" is disclaimed, and section 2(f) of the Lanham Act was applied to the registration as to the words "AMERICAN UNIVERSITY."

6

  b. Reg. No. 2,986,715 (registered 8-23-2005) for "AMERICAN INTERNATIONAL UNIVERSITY," which is a "collective membership mark used to indicate membership in an International University" that was issued under section 2(f) of the Lanham Act. The word "UNIVERSITY" was disclaimed. This registration was obtained by assignment after AU filed an opposition proceeding against its registration and is discussed later herein.

  c. Reg. No. 4,127,891 (registered 4-17-2012) for the following logo, in which the terms "UNIVERSITY" and "COLLEGE OF LAW" are disclaimed, and section 2(f) of the Lanham Act was applied as to the words "American University" and "Washington College of Law:"



  d. Reg. No. 4,774,583 (registered July 21, 2015) for the mark AMERICAN UNIVERSITY in which the word "UNIVERSITY" is disclaimed. In this registration, section 2(f) of the Lanham Act was applied to the registration as to the words "AMERICAN UNIVERSITY."

25. Section 2(f) of the Lanham Act applies to marks or portions of marks that are found to be descriptive and not inherently distinctive by the United States Patent and Trademark Office.

7

26. In order for Reg. No. 4,774,583 ("AMERICAN UNIVERSITY") to issue from the United States Patent and Trademark Office, AU was forced to enter in to a Mutual Consent Agreement to Use and Register with AUC School of Medicine, B.V. regarding that entities' use and registration of the mark AMERICAN UNIVERSITY OF THE CARIBBEAN. In the Mutual Consent, AU agreed that the marks AMERICAN UNIVERSITY and AMERICAN UNIVERSITY OF THE CARIBBEAN are "sufficiently different that they are not confusingly similar …"

### THIRD-PARTY USE AND REGISTRATION OF "AMERICAN" AND "UNIVERSITY"

27. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support to show that numerous third-party entities that are unaffiliated with Plaintiffs or Defendant use marks in commerce with the words "American" and "University" in connection with educational services in the United States. The following chart lists some of these marks and the entities using the marks. Attached as Exhibits B-T to this Complaint are exemplars of the use of these marks in commerce:

| Mark Used | Entity | Complaint Ex. |
|---|---|---|
| AMERICAN COASTLINE UNIVERSITY | American Coastline University | B |
| AMERICAN FINANCIAL F&I UNIVERSITY | American Financial & Automotive Services, Inc | C |
| AMERICAN GLOBAL UNIVERSITY | American Global University | D |
| AMERICAN GRADUATE UNIVERSITY | American Graduate University | E |
| AMERICAN HERITAGE UNIVERSITY OF SOUTHERN CALIFORNIA | American Heritage University of Southern California | F |
| AMERICAN JEWISH UNIVERSITY | American Jewish University | G |
| AMERICAN MILITARY UNIVERSITY | American Public University System | H |
| AMERICAN NATIONAL UNIVERSITY | American National University | I |
| AMERICAN SENTINEL UNIVERSITY | American Sentinel University | J |
| AMERICAN SPORTS UNIVERSITY | American Sports University | K |
| AMERICAN UNIVERSITY FOR COMPLEMENTARY MEDICINE | American University for Complementary Medicine | L |
| AMERICAN UNIVERSITY OF HEALTH SCIENCES | American University of Health Sciences | M |
| AMERICAN UNIVERSITY FOR | American University for | N |

| HUMANITIES | Humanities | |
| --- | --- | --- |
| AMERICAN UNIVERSITY OF THE CARIBBEAN | AUC School of Medicine, B.V. | O |
| CALIFORNIA AMERICAN UNIVERSITY | California American University | P |
| HELLENIC AMERICAN UNIVERSITY | Hellenic American University, Inc. | Q |
| NATIONAL AMERICAN UNIVERSITY | Dlorah, Inc. | R |
| AMERICAN UNIVERSITY OF PUERTO RICO | American University Of Puerto Rico | S |
| NEW AMERICAN UNIVERSITY | Arizona State University | T |

28. One notable example of third-party use of the words "American" and "University," is Dlorah, Inc. of South Dakota ("Dlorah"), which has been operating a university and providing educational services under the mark NATIONAL AMERICAN UNIVERSITY for more than a decade.

29. Dlorah provides educational services under the mark NATIONAL AMERICAN UNIVERSITY in approximately three dozen physical campuses in the United States, and Dlorah further offers online educational services under the mark NATIONAL AMERICAN UNIVERSITY. (Attached Exhibit R).

30. Dlorah also owns U.S. Trademark Registrations 2,220,866 (NATIONAL AMERICAN UNIVERSITY for "educational services, namely, providing courses at the university level") and 3,968,356 (NATIONAL AMERICAN UNIVERSITY for "Men's, women's and children's collegiate apparel…").

31. Dlorah's goods and services rendered under the mark NATIONAL AMERICAN UNIVERSITY are not sponsored by, connected with, or affiliated in any way with AU or American InterContinental.

32. The United States Patent and Trademark Office has registered numerous third-party trademarks and service marks including the words "American" and "University" in connection with educational services and related goods and services, including but not limited to the following (copies of which are attached as Group Exhibit U):

9

| Mark | Reg. No. | Date Issued | Goods/Services | Owner |
|---|---|---|---|---|
| AMERICAN FINANCIAL F&I UNIVERSITY | 4,190,896 | 8/14/12 | Educational services, namely, conducting training programs for automobile and recreational vehicle dealerships… | American Financial & Automotive Services, Inc. |
| AMERICAN MILITARY UNIVERSITY | 3,167,049 | 11/7/06, renewed 11/7/16 | Educational services, namely providing instruction and training at the undergraduate and graduate levels… | American Public University System, Inc. |
| AMERICAN UNIVERSITY OF THE CARIBBEAN | 1,846,403 | 7/19/94 | Educational services, namely providing courses of instruction at the college level. | AUC School of Medicine B.V. |
| AMERICAN UNIVERSITY OF THE CARIBBEAN | 2,618,194 | 9/10/02 | Educational services, namely, providing courses of instruction at the college level | AUC School of Medicine B.V. |
| NATIONAL AMERICAN UNIVERSITY | 2,220,866 | 1/26/99 | Educational services, namely providing courses at the university level. | Dlorah, Inc. |
| NATIONAL AMERICAN UNIVERSITY | 3,968,356 | 5/31/11 | Men's, women's and children's collegiate apparel . . .. | Dlorah, Inc. |
| NATIONAL AMERICAN UNIVERSITY PRESS | Allowed Appln SN 86/645,417 | Filed: May 29, 2015 | Publication of texts, books, journals | Dlorah, Inc. |
| THE UNIVERSITY OF TEXAS-PAN AMERICAN | 1,655,055 | 8/27/91 | Educational services, namely, providing college and graduate level courses of instruction… | Board of Regents, The University of Texas System |
| AMERICAN UNIVERSITY OF BEIRUT | 2,901,034 | 11/9/04 | Publications . . . regarding activities of the university . . . and charitable fundraising . . .. | American University of Beirut. |
| UNIVERSIDAD U INTERAMERICANA | 3,984,477 | 6/28/11 | Educational services, namely . . . providing | Universidad Interamericana |

10

| Mark | Reg. No. | Date Issued | Goods/Services | Owner |
|---|---|---|---|---|
| DE PUERTO RICO<br>The English translation is "Inter American University of Puerto Rico" | | | instruction and teaching all at the undergraduate and graduate level…. | de Puerto Rico, Inc |
| UNIVERSIDAD INTERAMERICANA · DE · PUERTO RICO · INC · FUNDADA · 1912 and Design<br>The English translation is "Inter American University of Puerto Rico" | 3,898,639 | 1/4/11 | (Class: 38) providing multiple-user access to a global computer network; internet cafe services, …<br>(Class: 41) educational services, namely, conducting distance learning instruction at the university level; educational services in the nature of courses at the university level and educational testing provided through classroom sessions and via the internet | Universidad Interamericana de Puerto Rico, Inc |
| ASSOCIATION OF AMERICAN UNIVERSITIES | 4,727,089 | 4/28/15 | (Class: 35) association services, namely, promoting the interests of public and private research universities | Association of American Universities |
| ASSOCIATION OF AMERICAN UNIVERSITIES AAU 1900 and Design | 4,727,092 | 4/28/15 | (Class: 35) association services, namely, promoting the interests of public and private research universities | Association of American Universities |

11

| Mark | Reg. No. | Date Issued | Goods/Services | Owner |
|---|---|---|---|---|
| (AAU seal) | | | | |

33. To the extent that AU owns any trademark or service mark rights in the phrase "American University," such rights are weak and AU would be entitled to only a very narrow and limited breadth of protection because, *inter alia*, of the widespread use and registration by numerous unrelated entities of the words "American" and "University" in connection with educational services and related goods and services.

### THE CURRENT DISPUTE

34. On February 7, 2008, CEC filed trademark application serial number 77/391,188 for AMERICAN INTERCONTINENTAL UNIVERSITY and logo (shown below) in conjunction with the following services: "Educational services, namely, providing courses of instruction at the university level; online educational services, namely, providing courses of instruction at the university level via the global computer network."



35. But for applications already owned by CEC and its subsidiaries, the United States Trademark Office concluded in May of 2008 that there was no likelihood of confusion between AMERICAN INTERCONTINENTAL UNIVERSITY and logo (serial number 77/391,188) and any registered trademarks or pending trademark applications, which includes Defendant AU's then-pending trademark application for AMERICAN UNIVERSITY (Serial No. 75/901,070).

12

**TTAB Opposition Proceeding No. 91189362**

36. On March 19, 2009, Defendant AU filed an Opposition in the United States Patent and Trademark Office concerning CEC's application for AMERICAN INTERCONTINENTAL UNIVERSITY and logo (serial number 77/391,188), which was assigned Opposition No. 91189362. This proceeding has been stayed for many years and has only recently resumed.

37. In opposition proceeding no. 91189362 before the Trademark Trial and Appeal Board, AU claimed, *inter alia*, that there was a likelihood of confusion between Defendant AU's alleged marks and the mark AMERICAN INTERCONTINENTAL UNIVERSITY.

38. In the opposition proceeding no. 91189362, Defendant AU specifically claimed that use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY infringes AU's alleged trademarks, including the following marks:

| Mark | Registration/Application No. |
| --- | --- |
| A NEW AMERICAN UNIVERSITY | Reg. No. 3,559,022 |
| AMERICAN INTERNATIONAL UNIVERSITY | Reg. No. 2,986,715 |
| AMERICAN UNIVERSITY | App. No. 75/901,070 |

*TTAB CANCELLATION PROCEEDING NO. 92052923*

39. On August 20, 2010, CEC filed a Petition to Cancel Defendant AU's AMERICAN INTERNATIONAL UNIVERSITY registration (Reg. No. 2,986,715) on the grounds of descriptiveness and abandonment, which was assigned Cancellation No. 92052923. This proceeding was stayed for many years and has just recently resumed.

40. Defendant AU did not originally file the application to register the collective membership mark AMERICAN INTERNATIONAL UNIVERSITY that is the subject of cancellation 92052923, but instead this application was filed in the name of an individual, Ben Alli, and later assigned to American International University, Inc. on October 20, 2000. The application was subsequently obtained by AU by way of assignment dated August 24, 2004 in connection with an Opposition proceeding between AU and then-owner of the mark, American International University, Inc. (Opp. No. 91151979).

41. Attached Exhibit V is a copy of the August 24, 2004 assignment from American International University, Inc. to AU that arose out of opposition no. 91151979.

42. The August 24, 2004 assignment was ineffective because it failed to transfer to AU the goodwill associated with the AMERICAN INTERNATIONAL UNIVERSITY mark and thus constitutes an "assignment in gross."

43. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support to show that, to the extent that AU had trademark rights in the mark AMERICAN INTERNATIONAL UNIVERSITY, AU has abandoned this mark because of this assignment in gross.

44. After a reasonable opportunity for further investigation or discovery, there is likely to be evidentiary support to show that, to the extent that Defendant AU had trademark rights in the mark AMERICAN INTERNATIONAL UNIVERSITY, this mark has been abandoned through non-use and AU has no intent to use or resume using the mark.

45. The mark AMERICAN INTERNATIONAL UNIVERSITY has been asserted by AU against CEC as part of Opposition No. 91189362.

46. There has been an extensive history of interactions between the parties to this case, and Defendant AU has expressly claimed that Plaintiffs' continuing use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY infringes AU's alleged trademark rights. Such actions of Defendant AU reveal a preparedness and willingness to enforce its alleged trademark rights against Plaintiff.

47. Such accusations and demands have given rise to a case of actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§2201-02.

48. Under all these circumstances, there is a definite and concrete dispute of sufficient immediacy and reality to warrant the issuance of a declaratory judgment in this case that the past and continued use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY does not infringe any alleged right of Defendant AU; that Defendant AU lacks ownership rights in the mark AMERICAN INTERNATIONAL UNIVERSITY; and that Registration No. 2,986,715 should be cancelled.

49. Defendant AU's assertions that American InterContinental is violating its legal rights irreparably injures American InterContinental and adversely affects, and unless prevented by this Court, will continue to so affect American InterContinental's goodwill. To resolve the legal and factual questions raised by AU and to afford relief from the uncertainty and controversy which AU's assertions have precipitated, American InterContinental is entitled to a declaratory judgment of its rights under 28 U.S.C. §§ 2201-02.

## COUNT I
### Declaratory Judgment of Non-Infringement

50. Paragraphs 1-49 are incorporated herein by reference.

51. American InterContinental and its predecessors-in-interest and related companies have been widely using and advertising the mark AMERICAN INTERCONTINENTAL UNIVERSITY since 1997. In this nineteen-plus year period, there has been no actual confusion arising from the use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY as to source, affiliation, connection, or sponsorship with Defendant AU.

52. Consumers are not likely to be confused as to source, affiliation, sponsorship, or connection between Defendant AU and American InterContinental through American InterContinental's longstanding and continuing use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY.

53. The use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY does not cause any damage to Defendant AU.

54. Consumers of college and university education services exercise care and skill in selecting a particular school to attend, such that mistake or error due to the particular names used by the schools here is not likely.

55. American InterContinental's continued use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY does not violate any right of Defendant AU under the Lanham Act, including but not limited to 15 U.S.C. §§ 1114 and 1125(a).

**COUNT II**
**Declaratory Judgment Of No Violation of State Law**

56. Paragraphs 1-55 are incorporated herein by reference.

57. Continued use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY does not constitute unfair competition or deceptive practices in violation of Illinois statutory or common law.

## COUNT III
### Declaratory Judgment Of Laches & Acquiescence

58. Paragraphs 1-57 are incorporated herein by reference.

59. Any claims of trademark infringement by Defendant AU concerning use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY are foreclosed and/or limited by the affirmative defenses of laches and acquiescence.

60. American InterContinental has been extensively using the mark AMERICAN INTERCONTINENTAL UNIVERSITY in connection with rendering educational services for more than nineteen years.

61. AU has known about American InterContinental's extensive use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY for many years as evidenced by Cancellation and Opposition proceedings instituted by AU in the United States Trademark Office.

62. American InterContinental has built extensive goodwill in the mark AMERICAN INTERCONTINENTAL UNIVERSITY and its business associated with this mark brings in tens of millions of dollars in revenue every year. The AMERICAN INTERCONTINENTAL UNIVERSITY MARK is recognized by consumers as identifying quality educational services from a single source.

63. In the 2008 Settlement Agreement (attached Exhibit A, which involved a federal trademark registration and applications for the AMERICAN INTERCONTINENTAL UNIVERSITY mark), Defendant AU agreed in writing that each Party retained all of its "respective rights to use its respective marks." The 2008 Settlement Agreement, and other actions of AU plead herein, constitute affirmative conduct of AU that specifically consents to the continuing use of the AMERICAN INTERCONTINENTAL UNIVERSITY mark and evinces the longstanding laches and acquiescence defenses applicable to defeat any trademark infringement claims of Defendant AU.

17

## COUNT IV
### Declaratory Judgment of Trademark Invalidity due to Abandonment and Lack of Ownership Rights in the Mark AMERICAN INTERNATIONAL UNIVERSITY

64. Paragraphs 1-63 are incorporated herein by reference.

65. Defendant AU's U.S. trademark Registration No. 2,986,715 for the mark AMERICAN INTERNATIONAL UNIVERSITY is causing harm to American InterContinental because AU has asserted this mark against American InterContinental as a basis for refusing registration of American InterContinental's AMERICAN INTERCONTINENTAL (and design) trademark application in Opposition No. 91189362 on the grounds that there is a likelihood of confusion between the parties' respective marks.

66. U.S. trademark Registration No. 2,986,715 for the mark AMERICAN INTERNATIONAL UNIVERSITY should be cancelled pursuant to this Court's authority under 15 U.S.C. § 1119 because the mark is not and has not been in use in commerce while owned by AU, and has been abandoned within the meaning of 15 U.S.C. § 1127.

67. AU lacks ownership rights in the mark AMERICAN INTERNATIONAL UNIVERSITY, and U.S. trademark Registration No. 2,986,715 for the mark AMERICAN INTERNATIONAL UNIVERSITY should also be cancelled because the assignment purporting to transfer rights in the mark was an assignment in gross, rendering the assignment invalid and the trademark abandoned.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Declare that use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY does not violate any of Defendant's rights under the trademark laws of the United States and state law;

B. Declare that Plaintiffs have the right to use the mark AMERICAN INTERCONTINENTAL UNIVERSITY in connection with educational services and related goods and services free from interference by Defendant, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting by, through, or under authority of Defendant.

C. Declare that Defendant, its officers, agents, servants, employees, attorneys, privies, representatives, successors, and assigns, and any and all persons acting in concert or participation with Defendant be permanently enjoined from:

    1. Interfering with, or threatening to interfere with, use of the mark AMERICAN INTERCONTINENTAL UNIVERSITY;

    2. Instituting or prosecuting any lawsuit or other proceeding before the United States Trademark Office placing in issue the right to use the mark AMERICAN INTERCONTINENTAL UNIVERSITY.

D. Declare that U.S. trademark Registration No. 2,986,715 for the mark AMERICAN INTERNATIONAL UNIVERSITY is invalid and should be cancelled.

E. Declare that Defendant AU lacks any ownership rights in the mark AMERICAN INTERNATIONAL UNIVERSITY or U.S. trademark Registration No. 2,986,715 for the mark AMERICAN INTERNATIONAL UNIVERSITY.

F. Award Plaintiffs attorney's fees; and

G. Award Plaintiffs such other and further relief, as this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiffs demand trial by jury of all counts and claims triable to a jury.

Dated: November 16, 2016    Respectfully submitted,

/s/ J. Aron Carnahan
J. Aron Carnahan, Esq.
Laurie A. Haynie, Esq.
Nicholas G. de la Torre
Husch Blackwell LLP
120 S. Riverside Plaza • 22nd Floor
Chicago, IL 60606
(312) 655-1500

Counsel for Plaintiffs